IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) )   No. CR-20-108-C |
| JONATHON SOLIS and REY FIERRO, | ) ) ) |
| Defendants. | ) |

MEMORANDUM OPINION AND ORDER

Defendants have filed a series of joint Motions. All but one of these Motions lack merit and serve no purpose other than to burden the Court and Plaintiff.

Defendants request an Order requiring Plaintiff to produce any exculpatory material as required by Brady v. Maryland, 373 U.S. 83 (1963). Defendants note the Court's local discovery rules clarify Motions such as this are unwarranted, yet Defendants proceed. In Response, Plaintiff notes its obligations under Brady, and states it has and will continue to produce any exculpatory material. Defendants' Joint Motion for Release of Brady Materials (Dkt. No. 25) will be denied as moot.

Defendants next file a request for production of any Fed. R. Evid. 404(b) evidence. Plaintiff acknowledges its responsibility under Rule 404 and states that any necessary notice will be provided in accordance with that Rule. At best, Defendants' Motion is premature, as there has been no indication from Plaintiff that it intends to offer evidence within the scope of Rule 404(b) at trial. Defendants' Joint Motion for Disclosure Pursuant to Federal Rules of Evidence Rule 404(b) (Dkt. No. 26) will be denied as moot.

Defendants request a hearing as required by Jackson v. Denno, 378 U.S. 368, 374 (1964), to address any confession by a Defendant and/or statements against interest made by a Defendant. In their Motion, Defendants acknowledge they are unaware of any relevant statements or confessions but file the Motion out of an abundance of caution. In Response, Plaintiff notes that it is unaware of any confessions by either Defendant. Plaintiff does note that between the two Defendants approximately 800 telephone calls have been placed using the inmate telephone system. Plaintiff notes that it may discover a confession when those calls are reviewed. In that event, Defendants will be provided a copy. As for the statement against interest, Plaintiff notes that any such statements in its possession have been produced. Defendants' Joint Motion for Hearing re Jackson v. Denno; Alternative Motion in Limine (Dkt. No. 27) will be denied as moot.

Defendants have filed a Joint Motion for Discovery (Rule 16) of Statements Alleged to Be Admissible under the Co-Conspirator's Exception to the Hearsay Rule. Defendants request the Court order Plaintiff to produce documents related to the alleged co-conspirator hearsay that the government intends to offer at trial. In response, Plaintiff notes that all requested document have been produced to Defendants. Plaintiff argues that a summary of co-conspirator statements is unwarranted, as the discovery in this case consists of two audio and two video recordings and approximately 200 pages of reports. Plaintiff suggests that what Defendants are actually seeking is identification of all statements it intends to offer at trial. Plaintiff has produced what it is required to produce. Accordingly, Defendants' Joint Motion for Discovery (Rule 16) of Statements Alleged to be Admissible under the Co-Conspirator's Exception to the Hearsay Rule (Dkt. No. 29) will be denied as moot.

Defendants seek to exclude what they term soft expert testimony. Defendants state they anticipate Plaintiff will call law enforcement agents to give opinion testimony about the distribution of methamphetamine and other circumstances typically seen in drug conspiracies. Defendants argue this testimony invades the province of the jury by telling the jury the result of certain facts. Plaintiff notes the Motion is premature as no notice has been given regarding expert witnesses. To the extent Defendants seek to limit the scope of law enforcement testimony, Plaintiff notes the limits suggested by Defendants are not supported by Tenth Circuit case law. The Court finds Defendants' request premature. Without hearing the testimony in context, the Court cannot determine if any part is improper. Accordingly, Defendants' Joint Motion in Limine to Exclude Soft Expert Testimony (Dkt. No. 30) will be denied, without prejudice to their right to object at trial.

Finally, Defendants have filed a Motion requesting a hearing to determine the existence of a conspiracy and the admissibility of co-conspirator hearsay. As outlined in United States v. James, 590 F.2d 575, 582 (5th Cir. 1979), the purpose of the hearing is to determine if a conspiracy existed, if the declarant and the defendant were members of the conspiracy, and if the statements were made in the course and furtherance of the conspiracy. Plaintiff concedes that a James hearing is warranted. A hearing is currently set for August 26, 2020. Defendants' Joint Motion for Hearing to Determine Existence of a Conspiracy (Dkt. No. 28) will be granted.

As set forth more fully herein, Defendants' Joint Motion for Release of Brady Materials (Dkt. No. 25); Defendants Joint Motion for Disclosure Pursuant to Federal Rules of Evidence Rule 404(b) (Dkt. No. 26); Defendants Joint Motion for Hearing re Jackson v. Denno;

Alternative Motion in Limine (Dkt. No. 27); Defendants Joint Motion for Discovery (Rule 16) of Statements Alleged to Be Admissible under the Co-Conspirator's Exception to the Hearsay Rule (Dkt. No. 29); and Defendants Joint Motion in Limine to Exclude Soft Expert Testimony (Dkt. No. 30) are DENIED.   Defendants Joint Motion for Hearing to Determine Existence of a Conspiracy (Dkt. No. 28) is GRANTED.

IT IS SO ORDERED this 5th day of August, 2020.

ROBIN J. CAUTHRON
United States District Judge